UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRENDON FOSTER,

Plaintiff,

v.

CAMOIRANO, et al.,

Defendants.

Case No. 3:25-cv-00290-MMD-CLB

ORDER

On March 4, 2026, the Court issued a screening order granting Plaintiff Brendon Foster's application to proceed *in forma pauperis* and allowing two of his claims to proceed and dismissing his other claims with leave to amend by April 3, 2026. (ECF No. 5.) The Court specifically stated that if Plaintiff chose not to file an amended complaint, this action would proceed on only the Fourteenth Amendment due-process claim about placement in segregation and First Amendment telephone-access claim. (*Id.* at 10.) That deadline expired without an amended complaint or other response by Plaintiff. This action will therefore proceed as stated in the screening order.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.	As stated in the Court's screening order (ECF No. 5), this action will proceed onto the normal litigation track on the Fourteenth Amendment due-process claim about placement in segregation against J. Camoirano, C. Diarte, and L. Green and the First Amendment telephone-access claim against J. Camoirano, C. Diarte, L. Green, C. Chapman, and SolDate.

2.	The Clerk of Court **will issue** summonses for Defendants J. Camoirano, C. Diarte, L. Green, C. Chapman, and SolDate **and deliver them** to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF No. 6) and this order to the U.S. Marshal for service on Defendants.

3.	The Clerk of Court **will send** the Plaintiff **5** USM-285 forms. Plaintiff will have **30 days** within which to furnish to the U.S. Marshal the required USM-285 forms

with relevant information as to each Defendant on each form.

4.   Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then Plaintiff must file a motion with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

5.   Plaintiff will serve upon Defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. LR IC 4-1(b); Nev. LR 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or their attorneys. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or fails to include a certificate showing proper service when required.

Dated: April 20, 2026

_____
United States Magistrate Judge